**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOME DESIGN SERVICES, INC.,**

    **Plaintiff,**

vs.                                                       **Case No. 6:03-cv-1860-Orl-19KRS**

**HIBISCUS HOMES OF FLORIDA, INC.,**
**and PIERRE MARSAN,**

    **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1.  *Daubert* Motion, filed by Plaintiff Home Design Services, Inc. ("Home Design") on January 19, 2006; (Doc. No. 109);

2.  Motion for Leave to file *Daubert* Motion Out of Time, filed by Plaintiff on January 20, 2006 ; (Doc. No. 112); and

3.  Defendants' Motion to Strike Plaintiff's *Daubert* Motion and Response in Opposition to Plaintiff's Motion to File Out of Time, filed by Hibiscus Homes of Florida, Inc. and Pierre Marsan (collectively "Hibiscus") on January 23, 2006. (Doc. No. 113).

**Background**

On May 18, 2005, the United States Magistrate Judge amended the Court's Case Management and Scheduling Order in the instant case by extending the deadline for the parties to file dispositive, *Daubert*, and *Markman* motions to August 31, 2005. (Doc. No. 80). On January 19, 2006, Home Design filed a *Daubert* Motion seeking to exclude the report and testimony of

Hibiscus' expert, Dr. Henry Fishkind, pursuant to Federal Rule of Evidence 702. (*See* Doc. No. 109). Hibiscus has moved to strike Home Design's Motion as untimely. (*See* Doc. No. 113).

In its accompanying Motion for Leave to File Out of Time, Home Design argues that its failure to timely file its *Daubert* motion was due to an oversight in the offices of Plaintiff's counsel. (Doc. No. 112, ¶ 2). It argues that its Motion will simplify issues for trial, resolve matters regarding to the scope of expert testimony, and serve to expedite the trial. (*See id.* at ¶ 5). Further, Home Design argues that Hibiscus is not prejudiced by its untimely motion and that there is ample time for ruling on this matter. (*Id*. at ¶ 6). Finally, Home Design asks that the Court not penalize it for counsel's failure to timely file its *Daubert* motion. (*Id*. at ¶ 4).

In response, Hibiscus states that the *Daubert* Motion is extremely late and argues that Home Design has had numerous reminders of the deadline to file such motions. (*See generally* Doc. No. 113, pp. 2-3). It further argues that Home Design has not stated good cause for such a long delay. (*Id*. at ¶ 6). Lastly, Hibiscus contends that contrary to Plaintiff's contention, such a late filing is extremely prejudicial to Defendants. (*See id.* at ¶ 13).

**Standard of Review**

Extensions and enlargements of time periods prescribed by the Court or by the Federal Rules of Civil Procedure are governed by Federal Rule of Civil Procedure 6. In particular, Rule 6 gives the Court the power to extend or modify fixed time periods in the interests of justice. *See* Fed. R. Civ. P. 6. Rule 6(b)(2) states that the trial court has the discretion to extend filing deadlines, even after the time to file has expired. *See Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 895-96 (1990). In order to do so, however, the trial court must find that there was "cause" for the late filing, and that the failure to file on time was the result of "excusable neglect." *Id*. at 897.

**Analysis**

Home Design's argument that it has shown "good cause" for its failure to timely file its *Daubert* motion is not well taken. Home Design's Motion for Leave fails to offer even a reason why its *Daubert* motion is over four months late, other than the vague assertion that the failure was due to an "oversight in the offices" of counsel for Home Design. (Doc. No. 112, ¶ 2). Home Design's Motion for Leave thus fails to demonstrate both cause for the late filing and that such cause was due to excusable neglect. *See Lujan*, 497 U.S. at 897. This deficiency is underscored in the instant case because as early as August 11, 2005, Hibiscus filed a Daubert Motion to Strike Plaintiff's expert, William Nunez, who had been retained and was a counter to the testimony of the expert engaged by Hibiscus, Henry Fishkind. (Doc. No. 84). Several filings related to this issue were made, and ultimately that Motion was granted in October of 2005. (Doc. Nos. 85, 92, 94, 97, 102). At that juncture, counsel for Home Design should have been alerted that it would not be able to use its expert and that any motion directed to the use by Hibiscus of the counter expert should be filed.

Furthermore, allowing Home Design's *Daubert* Motion to be filed at this time, fewer than six weeks from the estimated trial date in the instant case and over four months after the applicable deadline, would be harmful to Hibiscus. The provisions of the Case Management and Scheduling Order entered in the case at bar, a complex matter involving intricate copyright issues, were expressly designed to avoid the "sandbagging" by one party of the adverse party by the filing close to trial of dispositive type motions, such as the *Daubert* motion filed by Home Design. At this juncture, Hibiscus would be hard pressed to obtain another expert and would be prejudiced if this extremely late filing were allowed.

For the foregoing reasons, the Court will grant Hibiscus' Motion to Strike Plaintiff's *Daubert* Motion, (Doc. No. 113), and deny Home Design's Motion for Leave (Doc. No. 112).

### **Conclusion**

Based on the foregoing:

1. The Motion to Strike Plaintiff's *Daubert* Motion and Response in Opposition to Plaintiff's Motion to File Out of Time, filed by Hibiscus Homes of Florida, Inc. and Pierre Marsan, (Doc. No. 113), is **GRANTED**.

2. The Motion for Leave to file *Daubert* Motion Out of Time, filed by Plaintiff Home Design Services, Inc., (Doc. No. 112), is **DENIED**.

3. The *Daubert* Motion, filed by Plaintiff Home Design Services, Inc., (Doc. No. 109), will be **STRICKEN** from the record.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this ___23rd_____ day of January, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court